**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORAL SKEETE,<br><br>    Petitioner,<br><br>v.<br><br>ERIC HOLDER, JR., et al.,<br><br>    Respondents. | Civil Action No. 13-1751 (JLL)<br><br>OPINION |

**APPEARANCES**:

    ORAL SKEETE, A 030 076 039
    Essex County Correctional Center
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner Pro Se

**LINARES, District Judge**:

Oral Skeete filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his post-removal period detention at Essex County Correctional Facility in the custody of the Department of Homeland Security ("DHS") without a hearing. This Court will summarily dismiss the Petition because Mr. Skeete has not alleged facts showing there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

# I. BACKGROUND

Petitioner Oral Skeete asserts that he is a native and citizen of Barbados and has been a lawful permanent resident of the United States since 1970. (CM/ECF No. 1 at 3, 11). On May 24, 1996, Skeete claims he was convicted of aggravated manslaughter in the New Jersey Superior Court, Essex County and sentenced to a term of thirty years in prison. (CM/ECF No. 1 at 10). According to Skeete, on July 17, 1997 he was served with a notice to appear charging him with removal based on the 1996 manslaughter conviction. (CM/EFC No. 1 at 11). Further, Skeete alleges that upon being paroled and subsequently released from East Jersey State Prison, the DHS immediately took him into custody and brought him to the Essex County Correctional Facility where he is currently detained. (CM/ECF No. 1 at 3, 9-10). Although he does not specifically allege the exact date on which he was paroled and the DHS took him into custody, Skeete asserts that he has been detained for approximately six months without a bond or supervised release hearing. (CM/ECF No. 1 at 3).

Skeete challenges his detention on the following grounds: (1) his alleged "continued detention by Respondents is unlawful and contravenes 8 U.S.[C.] § 1231(a)(6)" in that his "removal to Barbados, or any other country, is not significantly[] likely to occur in the [r]easonably foreseeable future" (CM/ECF No. 1 at 8); (2) his alleged "indefinite" detention violates his right to substantive due process, as he has "already been detained in excess of six-months and [his] removal is not significantly likely to occur in the reasonably foreseeable future" (CM/ECF No. 1 at 8, 9); (3) his alleged detention without a hearing violates his right to procedural due process (CM/ECF No. 1 at 9-10.)

Skeete claims that he is entitled to a writ of habeas corpus ordering his immediate supervised release or a bond hearing before an Immigration Judge, or an order for the DHS to explain why he should not be released from custody immediately. (CM/ECF No. 1 at 11). Additionally Skeete asserts that he is entitled to a declaratory judgment stating that he is eligible to be released on supervision and he is not a flight risk or danger to the community. (ECF No. 1 at 12).

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates federal law. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B. Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition

3

prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"). With these principles in mind, the Court will now examine the legality of the detention.

C. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."); *see Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process"). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

4

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The statute requires the DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if the DHS does not remove the alien during this ninety day removal period, the DHS is then given the option to either release the alien on bond or supervised release, or to continue to detain the alien. Continued detention past the removal period is permissible if the alien, *inter alia*, has been convicted of an aggravated felony or if the Attorney General determines the alien to be either risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6).

This Court concludes that the Supreme Court's decision in *Zadvydas* to be dispositive in the present matter. To avoid serious constitutional concerns, the Supreme Court held § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Additionally, a time period of six months has been recognized as a presumptively reasonable period of post-removal-period detention under § 1231(a)(6). *Id.* at 701. However, in order to state a claim under § 2241 sufficient to require the government to respond, the alien must provide in the petition facts showing good reason to believe that there is no significant likelihood of the alien's actual removal in the reasonably foreseeable future. *Id.*

In this case, Skeete was allegedly served with a notice of removal while serving his thirty year New Jersey sentence for aggravated manslaughter. When the DHS took him into custody at the time New Jersey released him approximately six months ago, the removal period began. Because Skeete asserts that he has been detained by the DHS for approximately six months, this Court will assume, without deciding, that the six-month presumptively reasonable period of post-removal-period detention under *Zadvydas* has recently expired. The expiration of the presumptively reasonable six-month period however, does not automatically trigger release of the alien from post-removal-period detention. *Id.* Rather, the *Zadvydas* Court expressly held that the alien must provide in the § 2241 petition good reason to believe removal is not foreseeable before the Government will be required to respond with evidence sufficient to rebut that showing by a Petitioner. *Id.*; *see also Barenboy v. Attorney General of U.S.*, 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . .Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

In this Petition, Skeete concludes that his removal to Barbados "is not significantly likely to occur in the reasonably foreseeable future" (ECF No. 1 at 9), but he "has made no showing whatever" to substantiate this conclusion. *Encarnacion-Mendez v. Attorney General of U.S.*, 176 Fed. App'x 251, 254 (3d Cir. 2006). Absent such a showing of fact, the Court cannot grant a Petition for habeas relief.

Skeete also contends that the DHS violated his procedural due process rights by failing to give him a bond hearing or an opportunity to demonstrate why "he should not be detained without

bond or at least a bond hearing." (CM/ECF No. 1 at 9). But under *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. In the absence of this factual showing, *Zadvydas* requires this Court to dismiss the Petition without ordering the government to respond. The Court cannot reasonably determine, based on the facts alleged in the Petition, that a good reason to believe Skeete is unlikely to be removed to his native Barbados, or any other country willing to accept him, in the foreseeable future exists. Skeete has not alleged facts showing that his detention violates the Constitution, laws or treaties of the United States.[1] *See, e.g., Joseph v. United States*, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here"); *Soberanes v. Comfort*, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").

### III. CONCLUSION

The Petition for habeas relief is dismissed without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Skeete can allege facts substantiating his contention that

---

[1] Skeete does not claim that the DHS violated its own regulations. *Cf. Alexander v. Attorney General U.S.*, 495 Fed. App'x 274 (3d Cir. 2012).

there is good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

JOSE L. LINARES, U.S.D.J.

DATED: July 30, 2013